Kathleen J. England
Nevada Bar No. 206
**ENGLAND LAW OFFICE**
630 S. Third Street
Las Vegas, Nevada 89101
Telephone:  702.385.3300
Facsimile: 702.385.3823
kengland@englandlawoffice.com

Attorneys for Plaintiff ALEXIS GURSHIN

Bethany A. Pelliconi (admitted *pro hac vice*)
California Bar No. 182920
Lindsay L. Ryan (admitted *pro hac vice*)
California Bar No. 258130
**McGuireWoods LLP**
1800 Century Park East, 8th Floor
Los Angeles, California  90067-1501
Telephone:  310.315.8200
Facsimile:  310.315.8210
bpelliconi@mcguirewoods.com
lryan@mcguirewoods.com
(additional counsel listed on next page)

Attorneys for Defendant
BANK OF AMERICA, N.A.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ALEXIS GURSHIN, an individual,<br><br>            Plaintiff,<br><br>        vs.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION; DOES 1 through X, and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>            Defendants. | CASE NO.  2:15-cv-00323-GMN-VCF<br><br>**AMENDED JOINT DISCOVERY PLAN AND SCHEDULING ORDER SPECIAL SCHEDULING REVIEW REQUESTED**<br><br>Complaint Filed:    10/28/2014<br>Complaint Served:   2/4/2015<br>Removal Date:       2/24/2015 |

1

***Additional Plaintiff's Counsel***

2

**LANGFORD MCLETCHIE**
Margaret A. McLetchie
  Nevada Bar No. 10931

3

616 S. 8th Street

4

Las Vegas, Nevada 89101
TEL (702) 471-6565; FAX (702) 471-6540

5

maggie@nvlitigation.com

6

***Additional Defendant's Counsel***
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

7

Sheri M. Thome, Esq.
  Nevada Bar No. 008657

8

Chad C. Butterfield, Esq.
  Nevada Bar No. 010532

9

300 S. Fourth Street, 11th Floor

10

Las Vegas, Nevada 89101
TEL (702) 727-1400; FAX (702) 727-1401

11

sheri.thome@wilsonelser.com
chad.butterfield@wilsonelser.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

Plaintiff ALEXIS GURSHIN and Defendant BANK OF AMERICA, N. A. by and through their respective counsel, hereby submit their Joint Discovery Plan and Scheduling Order in compliance with LR 26-1(e) and subject to the special scheduling review requested:

1.   Initial Disclosures:  Initial Disclosures will be made by Plaintiff and Defendant on or before May 6, 2015.

2.   Statement of Reason for Special Scheduling Order:  The parties held the 26(f) conference by phone on April 22, 2015 and have agreed to some immediate exchanges and a short discovery stay through the date of the upcoming Early Neutral Evaluation session ("ENE") scheduled for May 15, 2015 before U.S. Magistrate Judge Bill Hoffman, so as to conserve the parties' time and resources and encourage an early resolution of the matter.  Specifically, the parties have agreed to informally exchange key documents and information to facilitate meaningful settlement efforts at the ENE.  Namely, Plaintiff has agreed to provide relevant medical records (within certain limitations and qualifications), information regarding Plaintiff's replacement employment and earnings following her employment with Defendant, and an approximation of the attorney's fees and costs Plaintiff has incurred to date.  Defendant has agreed to produce investigation records regarding Plaintiff's complaint of harassment, Plaintiff's personnel file(s), records/communications related to Plaintiff's termination, files from Defendant's third party leave administrator, and information (to the extent available) regarding Plaintiff's projected salary.  If the parties do not settle the matter on May 15, 2015, the parties will resume formal discovery as described below.  Accordingly, as set forth below, the parties request that the discovery deadline be calculated one hundred eighty (180) days from the date of the upcoming ENE (rather than Defendant's answer), and that all other deadlines be calculated pursuant to Local Rules based on the specially-requested discovery deadline.

3.   Proposed Discovery Plan Should the Matter Not Settle on May 15, 2015:  Pursuant to Fed. R. Civ. P. 26(b), the parties plan to commence discovery after May 15, 2015, should the parties' settlement efforts at the ENE prove unsuccessful, including, but not limited to, interrogatories, requests for production of documents and things, requests for admissions and depositions.  Requests for production of documents and things will be served and responded to in

accordance with Fed. R. Civ. P. 34 and the Local Rules of the District of Nevada.  The parties further agree that each party will bear its own costs for copying documents produced under Fed. R. Civ. P. 34, but the parties agree to meet and confer regarding the costs of producing documents pursuant to e-discovery requests as necessary.   The parties will also provide each other with electronic copies of produced documents in the format specified on CD-R, DVD-r disk, or via electronic mail.

4.    Disclosure of Electronically Stored Information:  Electronically stored information will be exchanged by the parties in paper or .pdf format.  However, the parties are not waiving, and expressly reserve, the right to seek production of electronically stored information in its native file format and/or seek metadata associated with electronic files.  Should a dispute arise regarding the parties' requests for ESI, the parties agree to follow the procedures set forth in Rule 26(b)(2)(b) of the Federal Rules of Civil Procedure and application local rules.

5.    Protection of Confidential or Privileged Material:  At the April 22, 2015 26(f) conference, the parties discussed confidential or privileged material and intend to work out an agreement on a procedure to designate and assert such claims during production.

6.    Issues Relating to Claims of Privilege or Attorney Work Product:  The parties agree to be bound by Federal Rule of Evidence 502 regarding the disclosure of privilege material or work product.  Further, the parties acknowledge and agree that while each is taking reasonable steps to identify and prevent disclosure of any document which they believe is privileged, there is a possibility that certain privileged material may be produced inadvertently.  Accordingly, the parties agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney work product doctrine or any other recognized privilege ("privileged document"), without intending to waive the claim of privilege associated with such document, may promptly, meaning within fifteen (15) days after the producing party actually discovers that such inadvertent disclosure occurred, amend its discovery response and notify the other party that such document was inadvertently produced and should have been withheld.  Once the producing party provides such notice to the requesting party, the requesting party must promptly, meaning within seventy-two (72) hours, return the specified document(s) and any copies thereof.  By

complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and request an order of the Court denying such privilege.

     7.   <u>Proposed Deadlines</u>:

        a.   <u>Discovery Cut-Off Date</u>:  The parties shall have one hundred eighty (180) days in which to complete discovery from the date of the upcoming ENE on May 15, 2015.  Thus, the parties are asking for a discovery cut-off date of November 11, 2015, and recognize that discovery must be commenced in time to be completed by the November 11, 2015 discovery cut-off date.  Each party anticipates conducting discovery permissible under the Fed. R. Civ. P. 26(b) including, but not limited to, the following;

- Interrogatories to each party;
- Requests for Admissions to each party;
- Requests for Production of Documents to each party;
- Deposition of Plaintiff;
- Deposition of Defendant;
- Depositions of percipient witnesses;
- Depositions of fact witnesses and others as may be necessary;
- Depositions of Plaintiff's and Defendant's designated expert witnesses, if any; and
- Subpoenas to third parties.

        b.   <u>Amending the Pleadings and Adding Parties</u>:  Motions to amend the pleadings or to add parties shall be filed and served on or before August 13, 2015, ninety (90) days prior to the discovery cut-off date, pursuant to LR 26-1 (e)(2).

        c.   <u>Expert Witness Disclosures</u>:  ~~Defendant proposes that expert witness disclosures be made on or before September 15, 2015, fifty-seven (57) days prior to the discovery cut-off (as the 60th day is a Saturday), and disclosures regarding rebuttal experts be made on or before October 15, 2015, thirty (30) days after the initial disclosure of experts, pursuant to LR 26-1(e)(3).  Plaintiff proposes~~ Expert witness disclosures must be made on or before August 27, 2015, seventy-six (76) days prior to the discovery cut-off (as the 75th day is a Friday), and that

5

disclosures regarding rebuttal experts be made on or before September 29, 2015, thirty-three (33) days after the initial disclosure of experts (as the 30th day is a Saturday). The requirements of Fed. R. Civ. P. 26(a)(2)(B) shall apply to any such disclosures.

   d. <u>Dispositive Motions:</u>  Pursuant to LR 26-1(e)(4), dispositive motions shall be filed and served no later than December 11, 2015, thirty (30) days after the discovery cut-off. In the event the discovery cut-off is extended, the deadlines for filing dispositive motions automatically will be extended until thirty (30) days after the new discovery cut-off date.

   e. <u>Interim Status Report:</u>  The Interim Status Report required by LR 26-3 shall be filed by the parties no later than September 15, 2015, fifty-seven (57) days prior to the discovery cut-off (as the 60th day is a Saturday).

   f. <u>Joint Pretrial Order:</u>  The joint pretrial order required by LR 26-1(e)(5) shall be filed by the parties no later than January 12, 2016, thirty-three (33) days after the deadline for filing dispositive motions (as the 30th day is a Saturday).  In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) says after the decision on the dispositive motions or until further order of the Court as provided in LR 26-1(e)(5).

   g. <u>Pretrial Disclosures:</u>  The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the pretrial order as required by LR 26-1(e)(6).

///

///

///

1        8.     All requests to extend any dates set in the discovery plan, scheduling order, or other

2   order, must be received by the Court no later than twenty (21) days before expiration of the subject

3   deadline, or any extension thereof, and must comply with the requirements of LR 26-4.

4   Dated: May 1, 2015                      Dated: May 1, 2015

5

6   ___/s/ Kathleen J. England_____      _____/s/ Lindsay L. Ryan_____

7   Kathleen J. England                        Bethany A. Pelliconi, Esq.
**ENGLAND LAW OFFICE**               (admitted *pro hac vice*)

8   630 S. Third Street                          Lindsay L. Ryan, Esq.
Las Vegas, NV 89101                   (admitted *pro hac vice*)

9   kengland@englandlawoffice.com        **MCGUIREWOODS LLP**

10  Margaret A. McLetchie                     Sheri M. Thome, Esq.
**LANGFORD MCLETCHIE**            Chad C. Butterfield, Esq.

11  616 S. 8ᵗʰ Street                             **WILSON, ELSER, MOSKOWITZ, EDELMAN &**
Las Vegas, Nevada 89101              **DICKER LLP**

12  TEL (702) 471-6565; FAX (702) 471-6540     300 S. Fourth Street, 11th Floor
maggie@nvlitigation.com               Las Vegas, Nevada 89101

13                                             sheri.thome@wilsonelser.com
Attorneys for Plaintiff ALEXIS GURSHIN    chad.butterfield@wilsonelser.com

14

15                                        Attorneys    for    Defendant    BANK    OF
AMERICA, N.A.

16

17                                           As modified,

18                                           **IT IS SO ORDERED:**

19

20                            _____

21                               UNITED STATES MAGISTRATE JUDGE

22                                   DATED:  May 5, 2015

23

24

25

26

27

28

JOINT DISCOVERY PLAN AND SCHEDULING ORDER