1  Kathleen J. England
   Nevada Bar No. 206
2  **ENGLAND LAW OFFICE**
   630 S. Third Street
3  Las Vegas, Nevada 89101
   Telephone: 702.385.3300
4  Facsimile: 702.385.3823
   kengland@englandlawoffice.com
5
   Attorneys for Plaintiff ALEXIS GURSHIN
6
   Bethany A. Pelliconi (admitted *pro hac vice*)
7  California Bar No. 182920
   Lindsay L. Ryan (admitted *pro hac vice*)
8  California Bar No. 258130
   **MCGUIREWOODS LLP**
9  1800 Century Park East, 8th Floor
   Los Angeles, California 90067-1501
10 Telephone: 310.315.8200
   Facsimile: 310.315.8210
11 bpelliconi@mcguirewoods.com
   lryan@mcguirewoods.com
12 (additional counsel listed on next page)

13 Attorneys for Defendant
   BANK OF AMERICA, N.A.
14

                    **UNITED STATES DISTRICT COURT**
15
                           **DISTRICT OF NEVADA**
16

17

18 | ALEXIS GURSHIN, an individual,            | CASE NO. 2:15-cv-00323-GMN-VCF |
   |                                             |                                 |
19 |              Plaintiff,                     | **STIPULATION FOR A PROTECTIVE** |
   |                                             | **ORDER**                       |
20 |     vs.                                     |                                 |
   |                                             |                                 |
21 | BANK OF AMERICA, NATIONAL                   | Complaint Filed:   10/28/2014   |
   | ASSOCIATION; DOES 1 through X, and          | Complaint Served:  2/4/2015     |
22 | ROE BUSINESS ENTITIES I through X,          | Removal Date:      2/24/2015    |
23 | inclusive,                                  |                                 |
   |                                             |                                 |
24 |              Defendants.                    |                                 |

25

26

27

28

                       STIPULATION FOR A PROTECTIVE ORDER

1  *Additional Plaintiff's Counsel*

2  **MCLETCHIE SHELL LLC**
   Margaret A. McLetchie
3       Nevada Bar No. 10931
   701 East Bridger Ave., Suite 520
4  Las Vegas, Nevada 89101
   TEL (702) 728-5300; FAX (702) 425-8220
5  maggie@nvlitigation.com

6  *Additional Defendant's Counsel*
   **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
7  Sheri M. Thome, Esq.
        Nevada Bar No. 008657
8  Chad C. Butterfield, Esq.
        Nevada Bar No. 010532
9  300 S. Fourth Street, 11th Floor
   Las Vegas, Nevada 89101
10 TEL (702) 727-1400; FAX (702) 727-1401
   sheri.thome@wilsonelser.com
11 chad.butterfield@wilsonelser.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

STIPULATION FOR A PROTECTIVE ORDER

1. **PURPOSES AND LIMITATIONS**

   Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than as necessary for purposes of prosecuting or defending this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter an Order for protective designations. The parties acknowledge that the resulting Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that might be entitled to confidential treatment in discovery under applicable legal principles. The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal, and that they must follow all Local Court Rules and other applicable rules when seeking permission from the court to file materials under seal. The parties acknowledge that this protective order does not entitle them to file confidential information under seal without first complying with the standards articulated in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and Local Rule 10-5.

2. **DEFINITIONS**

   2.1   **Challenging Party**: a Party or Non-Party that challenges the designation of information or items under this Order.

   2.2   **"CONFIDENTIAL" Information or Items**: "CONFIDENTIAL," as the term is used in this protective order, shall pertain to information and documents that fall within one or more of the following categories: (a) information prohibited from public disclosure by statute; (b) medical records, personnel records, or other information of a personal nature, in which an individual person has a legitimate expectation of privacy; (c) financial and/or banking account records; (d) trade secrets, or similarly sensitive research, development, financial, or commercial information which is maintained as such (non-public) and where disclosure would unfairly commercially damage a party's business if disclosed to a competitor; (d) portions of depositions (audio or video) where CONFIDENTIAL material is discussed, disclosed or used as exhibits. The parties reserve the right to meet and confer over additional categories that may be deemed confidential as discovery

continues. Documents (including electronically stored information) designated as "CONFIDENTIAL" under this Order, and information contained in documents designated as "CONFIDENTIAL" under this Order.

    2.3    **Counsel (without qualifier):**  Outside Counsel of Record and House Counsel (as well as their support staff).

    2.4    **Designating Party:**  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

    2.5    **Disclosure or Discovery Material:**  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

    2.6    **Expert:**  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

    2.7    **House Counsel:**  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

    2.8    **Non-Party:**  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

    2.9    **Outside Counsel of Record:**  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

    2.10    **Party:**  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

    2.11    **Producing Party:**  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

    2.12    **Professional Vendors:**  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

  **2.13** **Protected Material:** any material that is designated as "CONFIDENTIAL" and the information so designated contained therein.

  **2.14** **Receiving Party:** a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.** **SCOPE**

  The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.** **DURATION**

  Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.** **DESIGNATING PROTECTED MATERIAL**

  **5.1** **Exercise of Restraint and Care in Designating Material for Protection.** Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to only that specific material that qualifies under the appropriate standards. The Designating Party is entitled to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

STIPULATION FOR A PROTECTIVE ORDER

5.2 **Manner and Timing of Designations.** Any party may designate documents or information as confidential but only after a review of the documents or information by the designating attorney who has, in good faith, determined that the documents or information are legitimately deserving of the designation of confidentiality (in discovery). As a courtesy, the designating party and its/her attorney shall make best efforts to list the documents or information being designated as confidential on a Confidentiality Log. As a courtesy, each party will make best efforts to re-produce the Confidentiality Log to the other party each time another confidentiality designation is made, so that the latest version of that party's Confidentiality Log is a cumulative and current list of all of that party's confidentiality designations. Notwithstanding this agreement to employ best efforts to maintain a Confidentiality Log, listing documents or information on a Confidentiality Log will not, by itself, designate the documents or information as confidential. Rather, a confidential designation under this Order requires complete compliance with the designation requirements set forth in detail herein. Similarly, a party's failure to log a document or other item on a Confidentiality Log will have no force or affect whatsoever, and will not destroy a confidential designation if the party has otherwise complied with the designation requirements set forth in this Order. Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation under this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has

identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3  **Inadvertent Failures to Designate.**  An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If a Designating Party, through inadvertence, produces or has previously produced any "CONFIDENTIAL" information without labeling or marking or otherwise designating it as such, the Designating Party may give written notice to the Receiving Party that the document or thing produced is deemed "CONFIDENTIAL" information, and should be treated as such in accordance with that designation under this Order. The Receiving Party must treat such materials and information contained therein as "CONFIDENTIAL" once the Designating Party so notifies the Receiving Party. If the Receiving Party has disclosed the materials before receiving the designation, the Receiving Party must notify the designating party in writing of each such disclosure. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4  **Inadvertent Production Of Privileged Or Protected Materials.**  The inadvertent production or disclosure of any document or thing otherwise protected by the attorney-client

privilege, attorney work product doctrine or any other privilege or protection against disclosure shall not operate as a waiver of any such privilege or protection if, after learning of the inadvertent production or disclosure, the Party who made the inadvertent production or disclosure sends to any Receiving Party a written request for the return or destruction of such documents or things. Upon receiving such a request, the Receiving Party shall immediately take all necessary steps to return or destroy such documents or things, including all copies and electronic copies, and make a written certification to the producing party of such compliance. If the Receiving Party disclosed the inadvertently produced document or thing before being notified by the Producing Party, it must take immediate and reasonable steps to retrieve the inadvertently produced document or thing and must immediately notify the Producing Party of the fact of the disclosure and the identity of the person(s) to whom disclosure was made.

6.  **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

   6.1   **Timing of Challenges.** Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

   6.2   **Meet and Confer.** The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen

designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

      6.3    **Judicial Intervention.** If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion for a determination by the court as to the confidentiality of the challenged designated materials within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

      The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to treat the material in question as CONFIDENTIAL under the Producing Party's designation until the court rules on the challenge.

7.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

      7.1    **Basic Principles.** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12 below (FINAL DISPOSITION).

      Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2** **Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel (pursuant to a motion to seal the CONFIDENTIAL Information or Items or a court order regarding same);

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have been provided a copy of the Stipulated Protective Order;

(f) during their depositions, witnesses in the action to whom the Designating and Receiving Parties agree disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**8.** **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party

must:

    (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

    (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

    (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

Pursuant to Federal Rule of Evidence 502, the inadvertent production or disclosure of any document or thing otherwise protected by the attorney-client privilege or attorney work product immunity shall not operate as a waiver of any such privilege or immunity if, after learning of the

inadvertent production or disclosure, the party who made the inadvertent production or disclosure sends to any Receiving Party a written request for the return or destruction of such documents or things. Upon receiving such a request, the Receiving Party shall immediately take all necessary steps to return or destroy such documents or things, including all copies and electronic copies, and make a written certification to the Producing Party of such compliance. If the Receiving Party disclosed the inadvertently produced document or thing before being notified by the Producing Party, it must take reasonable steps to retrieve the inadvertently produced document or thing. Additionally:

(a) If the Receiving Party wishes to contest that any such inadvertently produced document or thing is protected by the attorney-client privilege or by attorney work-product immunity, the Receiving Party shall so notify the Producing Party in writing when the document or thing is returned to the Producing Party. Within 10 court days after receiving such notification, the Producing Party shall provide to the Requesting Party a list identifying all such returned documents and things and stating the basis for the claim of privilege or immunity. Within five (5) court days after receiving such a list, and after the parties have attempted to resolve the dispute through a meaningful meet-and-confer, the Receiving Party may file a motion to compel production of such documents and things the protection of which is still disputed. If such a motion is filed, the Producing Party shall have the burden of proving that the documents and things in dispute are protected by the attorney-client privilege or by attorney work-product immunity. If the motion to compel results in a ruling that the documents and things at issue are protected, and not subject to production, the Receiving Party shall immediately take all necessary steps to return or destroy all such documents and things.

(b) With respect to documents and things subsequently generated by a Receiving Party, which documents and things contain information derived from such inadvertently produced documents and things, if the Receiving Party does not notify the Producing Party that the Requesting Party disputes the claims of attorney-client privilege or attorney work-product immunity, the Receiving Party shall immediately destroy or redact the derivative documents and things in a manner such that the derivative information cannot in any way be retrieved or

reproduced.

        (c)    In no event, however, shall the return or destruction of demanded documents be delayed or refused because of a Receiving Party's objection to the demand or by the filing of a motion to compel. Furthermore, until and unless such motion to compel is granted, the Receiving Party shall neither quote nor reveal any privileged information contained within the documents or things at issue (except through a motion to compel filed under seal), either prior to or following their return, except to the extent such information is reflected in an appropriate privilege log.

## 11. MISCELLANEOUS

**11.1 Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

**11.2 Right to Assert Other Objections.** By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**11.3 Filing Protected Material.** Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule II. 10-5, and any other applicable rules. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Receiving Party's request to file Protected Material under seal is denied by the court upon a determination that the Protected Material is not properly designated as CONFIDENTIAL, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

## 12. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

1  summaries, and any other format reproducing or capturing any of the Protected Material. Whether
2  the Protected Material is returned or destroyed, the Receiving Party must submit a written
3  certification to the Producing Party (and, if not the same person or entity, to the Designating Party)
4  by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material
5  that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,
6  abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected
7  Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all
8  pleadings, motion papers, trial, depositions, and hearing transcripts, legal memoranda,
9  correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant
10 and expert work product, even if such materials contain Protected Material. Any such archival copies
11 that contain or constitute Protected Material remain subject to this Protective Order as set forth in
12 Section 4 (DURATION).
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

3  Dated: August 31, 2015                                Dated: August 31, 2015

   /s/ Kathleen J. England                              /s/ Bethany A. Pelliconi
   Kathleen J. England                                  Bethany A. Pelliconi, Esq.
   ENGLAND LAW OFFICE                                   (admitted *pro hac vice*)
   630 S. Third Street                                  Lindsay L. Ryan, Esq.
   Las Vegas, NV 89101                                  (admitted *pro hac vice*)
   kengland@englandlawoffice.com                        MCGUIREWOODS LLP

   Margaret A. McLetchie                                Sheri M. Thome, Esq.
   MCLETCHIE SHELL LLC                                  Chad C. Butterfield, Esq.
   701 East. Bridger Ave., Suite 520                    WILSON, ELSER, MOSKOWITZ, EDELMAN &
   Las Vegas, Nevada 89101                              DICKER LLP
   TEL (702) 728-5300                                   300 S. Fourth Street, 11th Floor
   maggie@nvlitigation.com                              Las Vegas, Nevada 89101
                                                        sheri.thome@wilsonelser.com
   Attorneys for Plaintiff ALEXIS GURSHIN               chad.butterfield@wilsonelser.com

                                                        Attorneys for Defendant BANK OF
                                                        AMERICA, N.A.

                                                        IT IS SO ORDERED:

                                                        /s/
                                                        UNITED STATES MAGISTRATE JUDGE

                                                        DATED: September 1, 2015

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have been given a copy of the Stipulated Protective Order that was issued by the United States District Court for the District of Nevada on [date] in the case of *Alexis Gurshin v. Bank of America, N.A.*, Case No. 2:15-cv-00323-GMN-VCF. I agree that I am required to comply with this Stipulated Protective Order if I am given access to materials marked "Confidential." I understand that I am not allowed to disclose any information marked "Confidential" to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____