Did<strong>UNITED STATES DISTRICT COURT</strong>

<strong>DISTRICT OF NEVADA</strong>

***

ALEXIS GURSHIN,

               Plaintiff,

vs.

BANK OF AMERICA NATIONAL
ASSOCIATION; et.al.,

               Defendants.

Case No. 2:15–cv–323–GMN–VCF

<u>**ORDER**</u>

Before the court are the following motions:

1.      Bank of America's motion to deem requests admitted (ECF No. 106); Gurshin's response (ECF No. 116); and Bank of America's reply (ECF No. 124).

2.      Gurshin's motion to extend time (ECF No. 123)

3.      Gurshin's motion to deem requests admitted (ECF No. 117); Bank of America's response (ECF No. 125); and Gurshin's reply (ECF No. 126).

4.      Gurshin's motion to compel additional deposition time (ECF No. 120); Bank of America's response (ECF No. 127); and Gurshin's reply (ECF No. 128).

<strong>I. Discussion</strong>

1.  <u>Bank of America's Motion to Deem Requests Admitted (ECF No. 106)</u>

"A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection." FED. R. CIV. P. 36(a)(3). "If a matter is not admitted, the answer must specifically or state in detail why the answering party cannot truthfully admit or deny it." FED. R. CIV. P. 36(a)(4). "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made

reasonably inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id.*

"[W]hen good faith requires that a party qualify an answer or deny only part of a matter, the answer must specify the part admitted and qualify or deny the rest." *Id.*

Bank of American's requests for admissions may be separated into two categories: 1) those related to factual disputes and 2) those asking about the authenticity of documents. Requests 35, 43, 58, 63, 65, 67, 70, 75 and 76 fall under the first category. Gurshin responded to each request with a straightforward "Deny." She followed up each denial with an explanation or qualification. Although Gurshin's explanations are slightly confusing, they do not detract from the clarity of Gurshin's denial. Gurhsin's responses to requests 35, 43, 58, 63, 65, 67, 70, 75, and 76 are proper.

Requests 84, 85, 87, and 90-127 fall into the second category. The requests 90- 127 follow an identical pattern.[1] Request 90 asks if a letter with a particular BATES number "is a true and correct copy of an authentic genuine business record of BANA and its third-party leave administrator, Aetna." Request 91 asks if Gurshin had received the previously mentioned letter within one week of the date indicated on the letter. Requests 92-127 follow this pattern.

Gurshin responded to request 90 with a "Deny." She then provided a tangential statement about the progress of discovery during this action. In response to request 91, Gurshin stated she was "[u]nable to admit or deny at this time, and am examining my own documents and will supplement within three weeks." Gurshin's responses to requests 90-127 follow this pattern.

With regard to the requests to admit the genuineness documents, Gurshin properly denied each request. Although she provided additional statements that did not relate to the bank's request, those

---

[1] Requests 84, 85, and 87 ask about the authenticity of certain documents, but are not followed by a related question regarding when said document was received.

2

statements did not undermine her denial.  Requests 84, 85, 87, 90, 92, 94, 96, 98, 100, 102, 104, 106, 108, 110, 112, 114, 116, 118, 120, 122, 124, and 126 were properly denied.

Gurshin's responses to the remaining authentication requests are more problematic.  Gurshin's supplemental responses stated she was "still unable to admit or deny" after reviewing her records.  (ECF 124-1)  Gurshin did not explain the steps she took in attempting to answer the request nor did she explain why she lacked sufficient information to admit or deny.  FED. R. CIV. P. 36(a)(4).  As Gurshin has not provided a proper response or objection, requests 91, 93, 95, 97, 99, 101, 103, 105, 107, 109, 111, 113, 115, 117, 119, 121, 123, 125, and 127 are deemed admitted.  FED R. CIV. P. 36(a)(6)("On a finding that an answer does not comply with this rule, the court may order … that the matter is admitted").

2.    Gurshin's Motion to Deem Requests Admitted (ECF No. 117)

"The grounds for objecting to a request must be stated.  A party must not object solely on the ground that the request presents a genuine issue for trial."  Fed. R. Civ. P. 36(a)(5).  "[B]oilerplate objections are disfavored, 'especially when a party fails to submit any evidentiary declarations supporting such declaration.'"  *EnvTech, Inc. v. Suchard*, No. 3:11-cv-523-HDM-WGC, 2013 WL 4899085 at* 5 (D.Nev. Sept. 11, 2013)(internal citations omitted).  "[B]oilerplate objections such as 'overly burdensome and harassing' are improper."  *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006).

Gurshin served a total of 78 requests for admission on Bank of America.  (ECF No. 117)  Gurshin moves to deem admitted 52 of her requests.  (*Id.*)  Each request is addressed below.

  a.    *Request 3*:    Admit that Ms. Gurshin reported this "allegation" about Branch Manager Jarret Wu's behavior and her discomfort on the one day she had returned to work, Feburary 21, 2012.

3

Bank of America objected to this request on the ground that the reference to "this allegation" was vague and ambiguous.  (ECF No. 117-3)  This court agrees.  Without context, it is impossible to determine which allegation the request is referring to.  The bank's objection is sustained.

b.  *Request 22*:  Admit that Ms. Gurshin made a timely request under Nevada law, specifically N.R.S. 613.075, which requires an employer to provide an employee a copy of all of their employment records if timely requested.

Bank of America objected to this request on the ground that it called for a legal conclusion. "Requests for admission are designed to limit factual issues in the case." *Jones v. Skolnik*, No. 3:10-cv-162, 2014 WL 2625000 at *1 (D.Nev. Jun. 12, 2014).  "Although the rule permits a party to ask another party to admit the truth of the application of law to facts, requests for admission should not be used to demand that the other party admit the truth of a legal conclusion." *Id.*  Request 22 does call for a legal conclusion i.e. whether Gurshin's request was timely.  The bank's objection is sustained.

c.  *Request 24*:  Admit that the Bank of America personnel file for Ms. Gurshin, as produced by Bank of America in this litigation as BANA 00001 to BANA 000426 on July 30, 2015, contains paperwork about discipline of Ms. Gurshin by Plaza Bank Manager Jarrett Wu which was not provided by Bank of America to Ms. Gurshin in June, 2012 when it responded to her statutory demand.

Bank of America objected to this request on the ground that it was vague and ambiguous.  This objection is sustained.  Without context, this court is unsure what is meant by "statutory demand."  The bank's objection is sustained.

d.  *Request 30*: Admit that Bank of America never told Ms. Gurshin, even after she complained about sexual harassment by Jarrett Wu, that it would be allowing Jarrett Wu access to her Aetna case manager or other persons at Aetna who were handling her short-term disability matters and related conditions.

This court finds that request 30 is a duplicate of request 29.  Except for a slight change in wording, the requests are identical.  Bank of America is not required to respond to duplicate requests for

4

admission. *Anahuac Management v. Mazer*, No. 2:09-cv-1590, 2011 WL 3585475 at *5 (D.Nev. Aug. 16, 2011).

/// /// ///

/// /// ///

     e.     *Request 35*:  Admit that Plaza Branch manager Jarrett Wu had maintained a manager's desk file for matters concerning Ms. Gurshin, and that Bank of America did not produce (at least) three items from that file in July, 2015 when producing the personnel file for Alexis Gurshin, including that which was produced on April 15, 2016 as BANA 02243, 02244, and 02245.

Bank of America objected to this request as compound.  The request asks two questions: 1) did Jarrett Wu maintain a personnel file on Alexis Gurshin and 2) whether documents are missing from the version of the personnel file that the bank produced during discovery.  The objection is sustained.

     f.     *Request 37*: Admit that Sheri Madrid did more (phone calls with him, discussions with him, inquiries to Aetna, etc.) to help Jarrett Wu try to replace Ms. Gurshin at the Plaza Branch than she (Madrid) did to help Gurshin return to work.

Bank of America objected to this request on the ground that it was vague and ambiguous.  The request does not explain how the bank must quantify "did more."  At best, the parenthetical explanation lists examples the bank should consider.  The objection is sustained.

     g.     *Request 39*: Admit that during this litigation, Bank of America refused to produce any document or detail any efforts or steps it took to comply with 29 CFR §1602.14, the federal regulation which requires an employer to keep and preserve all relevant documents once it (the employer) knows of a charge of discrimination.

Bank of America objected to this request on the ground that it called for a legal conclusion.  The request asks the bank to admit is violated a federal regulation.  The objection is sustained.  *See Jones*, 2014 WL 2625000 at *1.

     h.     *Requests 42-55 and 68-72*

The aforementioned requests inquire about Bank of America's discovery conduct in this action. They ask Bank of America to admit that it did not produce original documents, that documents were missing from responses, and that documents were allegedly withheld.  (ECF No. 117-9; 117-11)

Bank of America objected to these requests on the grounds that they were irrelevant.  This court agrees.  Bank of America's conduct during discovery is not related to any claim or defense presented in this action.  These objections are sustained.

        i.     *Requests 61-63, 74, and 78*

The aforementioned requests inquire about the content of documents produced in the course of discovery.  Bank of America objected to these requests on the ground that the documents spoke for themselves.[2]  "[T]he statement 'the document speaks for itself' in response to a request for admission characterizing the content or meaning of a contract document was evasive."  *Adobe Systems Inc. v. Christenson*, No. 2:10-cv-422-LRH-GWF, 2011 WL 540278 at *10 (D.Nev. Feb. 7, 2011).  "Requests that characterize or construe the meaning of material documents in the case may serve to establish what issues are actually in dispute."  *Id.*  Accordingly, Bank of America's "speaks for itself" objections are overruled.  Requests 61-63, 74, and 78 are deemed admitted.

        j.     *Requests 64, 66, 67, and 75*

On November 15, 2016, after Gurshin filed her motion to compel but before Bank of America responded, the bank served a set of supplemental responses.  (ECF No. 125-1) The supplemental responses denied requests 64 and 75 and admitted requests 66 and 67. (*Id.*)  Since Bank of America has now properly responded to these requests, Gurshin's motion to deem these requests admitted is denied as moot.

---

[2] The bank also raised other objections such as the request was vague and ambiguous or unintelligible.  These boilerplate objections, which were not specifically tailored to the request, are overruled.

k.      *Requests 23, 26, 27-29, 31-34, 36, 40, 41, and 65*

In response to the aforementioned requests, Bank of America provided a list of boilerplate objections such as vague and ambiguous and unduly burdensome.  (ECF No. 117-7; 117-9; 117-11)  Critically, the bank did not admit, deny, or explain why it could not admit or deny each request.  Since Bank of America has not stated a valid objection nor provided a proper response, the aforementioned requests are deemed admitted.  FED. R. CIV. P. 36(a)(3).  Requests 23, 26, 27-29, 31-34, 36, 40, 41, and 65 are deemed admitted.

3.      Gurshin's Motion for Enlargement of Time (ECF No. 123)

Gurshin moves the court to accept and consider her untimely filed appendix to her motion to compel additional deposition time.  (ECF No. 123)  Bank of America did not oppose this motion.  Pursuant to Local Rule 7-2(d), Gurshin's motion is granted.  This court will accept and consider her appendix to her motion to compel additional deposition time.

4.      Motion to Compel Additional Deposition Time (ECF No. 120)

"Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours."  FED. R. CIV. P. 30(d)(1).  "The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if he deponent, another person, or any other circumstances impedes or delays the examination."  *Id.*

"On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action."  FED. R. CIV. P. 26(b)(2)(C).

Gurshin moves to reopen four depositions involving three different individuals: (1) Bank of America assistant manager Devan Thorns; (2) former Bank of America employee Sheri Madrid, as both a fact witness and one of the bank's Rule 30(b)(6) witnesses; and (3) Bank of America employee Jennifer Miller, another Rule 30(b)(6) witness for the bank.  (ECF No. 120)

In its May 18, 2016 order, this court allowed witness Thorns to be redeposed for an additional hour.  (ECF No. 86)  The parties reconvened and Thorns was redeposed.  During this deposition, Gurshin alleges that Bank of America interrupted the witness on numerous occasions and was improperly coaching the witness through objections.  (ECF No. 120)  The court has reviewed the transcript of Thorns's deposition (ECF No. 121-7), and concludes that Gurshin's allegations are unfounded.  The deposition transcript reveals counsel's often contentious interactions, but does not demonstrate that defense counsel did anything improper.  Gurshin's request to reopen witness Thorns's deposition is denied.  FED. R. CIV. P. 26(b)(2)(C)(i).

Witness Madrid has already been deposed twice in this action.  (ECF No. 127)  Gurshin alleges that she is entitled to more time to question witness Madrid due to defense counsel's improper deposition tactics.  (ECF No. 120)  After reviewing the transcript of witness Madrid's second deposition (ECF No. 127-5), this court disagrees.

The transcript of witness Madrid's second deposition does not support Gurshin's allegations. Witness Madrid answered counsel's questions to the best of her ability and defense counsel made appropriate objections.  (*Id.*)  As for Gurshin's claim that defense counsel prematurely ended the deposition, this allegation is similarly without merit.  This court warned both parties that witness Madrid's reexamination would be limited in time and scope.  (ECF No. 86)  It will not allow witness Madrid to be deposed for a third time.  Gurshin's request to reopen witness Madrid's deposition is denied.  FED. R. CIV. P. 26(b)(2)(C)(ii).

Gurshin has already deposed witness Miller.  (ECF No. 127-8).  Gurshin now wishes to reopen witness Miller's deposition.  She argues that defense counsel did not adequately prepare witness Miller before the Rule 30(b)(6) deposition.  In support of her argument, Gurshin cites to a number of instances where witness Miller referred to exhibits in order to recall information.  (ECF No. 120)  Gurshin contends that witness Miller's frequent referral to exhibits was time-consuming and could have been avoided if defense counsel had properly prepared the witness for the deposition.  Again, this court disagrees.

After reviewing the transcript of witness Miller's deposition, it is clear that witness Miller referred to exhibits when she was asked about specific dates.  (ECF No. 127-8)  No amount of preparation would have enabled witness Miller to recall such details without assistance.  The transcript shows that witness Miller was adequately prepared for her deposition.  Gurshin's request to reopen witness Miller's deposition is denied.  FED. R. CIV. P. 26(b)(2)(C)(ii).

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Bank of America's motion to deem matters admitted (ECF No. 106) is GRANTED in part and DENIED in part.  Requests 91, 93, 95, 97, 99, 101, 103, 105, 107, 109, 111, 113, 115, 117, 119, 121, 123, 125, and 127 are deemed admitted

IT IS FURTHER ORDERED that Gurshin's motion to deem matters admitted (ECF No. 117) is GRANTED in part and DENIED in part.   Requests 23, 26, 27-29, 31-34, 36, 40, 41 61-63, 65, 74, and 78 are deemed admitted.

IT IS FURTHER ORDERED that Gurshin's motion to extend time (ECF No. 123) is GRANTED.

IT IS FURTHER ORDERED that Gurshin's motion to compel additional deposition time (ECF No. 120) is DENIED.

IT IS SO ORDERED.

DATED this 5th day of January, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE