# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ALEXIS GURSHIN,

        Plaintiff,

vs.

BANK OF AMERICA, N.A.,

        Defendant.

Case No.: 2:15-cv-00323-GMN-VCF

**ORDER**

Pending before the Court is the Motion to Reconsider the Magistrate Judge's Order, (ECF No. 132), filed by Defendant Bank of America, N.A. ("Defendant"). Also pending before the Court is the Motion to Reconsider the Magistrate Judge's Order, (ECF No. 133), filed by Plaintiff Alexis Gurshin ("Plaintiff"). Both Plaintiff and Defendant have filed responses to the respective motions. (ECF Nos. 137, 139). For the reasons set forth herein, both parties' motions are **DENIED**.

**I.  BACKGROUND**

This case concerns allegations of hostile work environment, sexual harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e and Nevada state law. (Compl., Ex. 1 to Pet. of Removal, ECF No. 1). On January 5, 2017, Magistrate Judge Ferenbach issued an Order addressing a number of discovery related motions. (Order, ECF No. 130). As part of this Order, Judge Ferenbach deemed admitted eighteen of Plaintiff's requests for admission ("RFAs"). (*Id.* 6:7–7:7). Additionally, Judge Ferenbach denied Plaintiff's Motion to Compel Additional Deposition Time. (*Id.* 9:8–13). Based on these two rulings, the parties filed the instant motions seeking reconsideration of Judge Ferenbach's Order.

## II. LEGAL STANDARD

When reviewing the order of a magistrate judge, the order should only be set aside if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, No. 2:14–cv–00224–RCJ, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014). When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

## III. DISCUSSION

### A. Defendant's Objection

*1. Failure to Meet and Confer Pursuant to FRCP 37 and LR 26-7*

Defendant argues that the Court should reverse the underlying Order as to the eighteen RFAs because the ruling is contrary to Federal Rule of Civil Procedure ("FRCP") 37 and Local Rule ("LR") 26-7. (Def.'s Objection 12:9–10, ECF No. 132). Specifically, Defendant asserts that "Plaintiff failed to comply with her meet and confer requirements," and therefore the Court was precluded from considering Plaintiff's discovery motion. (*Id.* 11:22–26).

FRCP 37 states that a party making a motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to

make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Furthermore, the local rules provide that discovery motions will not be considered unless the movant: (1) has made a good-faith effort to meet and confer; and (2) submits a declaration providing "details and results of the meet-and-confer conference." LR 26-7(c). The purpose of the meet-and-confer obligation is to promote efficiency and the effective use of judicial economy. *See Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993); *see also Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1982).

Defendant conflates an obligation placed on the parties with a limitation placed on the Court. Nowhere in the relevant rule provisions does it state that the Court is precluded from ruling on a discovery motion absent the meet-and-confer process. To the contrary, LR IA 1-3 explicitly states that "failure to make a good-faith effort to meet and confer before filing any motion to which the requirement applies *may* result in denial of the motion." LR IA 1-3(f)(4) (emphasis added). Accordingly, it is left to the magistrate judge's sound discretion to determine whether the parties satisfied the meet-and-confer obligation, and if not, whether to deny the motion.[1]

*2. Failure to Give Due Consideration to Defendant's Objections*

Defendant next argues that Judge Ferenbach failed to give "due consideration to each of the Bank's asserted objections to the RFAs and summarily characterized those it did consider as boilerplate." (Def.'s Objection 14:27–15:3). In support of this argument, Defendant cites to a number of cases, which purportedly state that courts should analyze and consider objections before overruling them. (*See id.* 12:19–26). While the Court agrees with this general principle, Defendant provides no substantive evidence that Judge Ferenbach failed to give "due

---

[1] Regardless, Plaintiff did comply with the rule requirements by submitting a declaration concerning the meet-and-confer efforts between the parties. (*See* Decl., Ex. 1 to Mot. to Deem Admitted, ECF No. 117-1). To the extent Defendant argues Plaintiff's efforts were insufficient, such determination is discretionary and the Court does not find clear error.

Page 3 of 7

consideration" to Defendant's objections. To the contrary, the underlying Order shows that Judge Ferenbach categorized each objection by response type and addressed them accordingly.

In effect, Defendant is attempting to reargue the merits of its objections by raising the same challenges to the RFA's relevancy and form as it did in the underlying opposition. (*See id.* 15:4–27). In doing so, Defendant overlooks that Judge Ferenbach's ruling was based on the impropriety of Defendant's objections from a procedural standpoint. (*See* Order 6:7–7:7) (disregarding Defendant's objections as evasive and boilerplate); *see also Anderson v. Hansen*, No. 1:09–cv–01924–LJO, 2012 WL 4049979, at *3 (E.D. Cal. Sept. 13, 2012); *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 364 (D. Md. 2008) (stating that boilerplate objections waived any legitimate objections the responding party may have had). Defendant fails to provide any legal or factual argument to counter the magistrate judge's determination in this regard. Accordingly, the Court rejects Defendant's argument.

### 3. Failure to Order an Amended Response

Defendant additionally argues that the Court should reverse the underlying Order as to the eighteen RFAs because it is clearly erroneous and contrary to FRCP 36(a)(6). (Def.'s Objection 11:7–12:8). Specifically, Defendant argues that FRCP 36 "does not authorize the Court to deem an RFA admitted simply because it overrules objections to the RFA." (*Id.* 11:16–18). According to Defendant, "[t]o the extent the Magistrate Judge found the objections to be unjustified, he should have ordered [Defendant] to *answer* the RFAs . . . ." (*Id.* 11:26–27). FRCP 36(a) provides that:

> The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.

Fed. R. Civ. P. 36(a)(6).

Defendant is correct that under this subsection a party may typically file an answer following a failed objection. Here, however, Judge Ferenbach did not merely find that Defendant's objections were unjustified on substantive grounds. Rather, Judge Ferenbach explicitly deemed the objections evasive and boilerplate. (*See* Order 6:7–7:7). In making this determination, Judge Ferenbach found that Defendant effectively failed to provide a response and therefore deemed the RFAs admitted by default pursuant to FRCP 36(a)(3). *See* Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection *addressed to the matter* and signed by the party or its attorney.") (emphasis added).

As with other forms of discovery, it is well-established that boilerplate objections do not suffice under the federal rules. *See e.g. Martinez v. Garsha*, No. 1:09–cv–00337–LJO, 2013 WL 3744172, at *4 (E.D. Cal. July 15, 2013); *Everest Indem. Ins. Co. v. Aventine-Tramonti Homeowners Ass'n*, No. 2:09–cv–1672–RCJ–RJJ, 2011 WL 3841083, at *2 (D. Nev. Aug. 29, 2011). In fact, boilerplate, generalized objections are "tantamount to making no objection at all." *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999) (citing *Joseph v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982); *see also Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 936–97 (9th Cir. 1994) ("Parties may not view request for admissions as a mere procedural exercise requiring minimally acceptable conduct."). This sentiment is echoed in FRCP 37(a), which provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

In light of these principles, the Court does not find that Judge Ferenbach acted contrary to the law in deeming the RFAs admitted. While Judge Ferenbach certainly had the discretion to allow Defendant to file an amended response, it is not the function of the district judge on review to second guess such discretionary decisions. *See Grimes*, 951 F.2d at 241. Accordingly, the Court denies Defendant's Motion.

**B. Plaintiff's Objection**

Plaintiff argues that the Court should reverse the underlying Order as to the denial of Plaintiff's request for additional deposition time. (Pl.'s Objection, ECF No. 133). Specifically, Plaintiff argues that she should be permitted to re-depose corporate employee Jennifer Miller. (*Id.* 15:10–13). According to Plaintiff, the first deposition was "contrary to the obligations imposed [under] FRCP 30(b)(6), which requires that [the] organization noticed produce a witness knowledgeable and prepared to answer questions about the designated subject matter." (*Id.* 6:8–10). Based on the alleged importance of this deposition, Plaintiff contends that Judge Ferenbach's decision was effectively dispositive and therefore should be reviewed de novo. (*Id.* 14:1–15:20).

*1. Standard of Review*

The Court first addresses Plaintiff's contention that the Court should review Judge Ferenbach's decision de novo because it has a dispositive effect. Plaintiff states that "denying her additional deposition time to re-depose Ms. Miller . . . is tantamount to eliminating her claim that the Bank retaliated against her for engaging in protected activity by letting its normal leave-administration practices in place." (*Id.* 15:10–12). The Court disagrees. Plaintiff cites zero authority to support the assertion that a purely discovery related order constitutes a dispositive ruling under 28 U.S.C. § 636.

To the extent Plaintiff argues that the Court should look to the end "effect" of the Order, the Court is likewise unpersuaded. An order concerning discovery always has a potentially dispositive influence on a case. By their very nature, discovery rulings impact a party's ability to prove or defend against the necessary elements of a claim. To hold that such determinations alone constitute dispositive orders would yield entirely absurd results and effectively eliminate the discretion of magistrate judges to address pre-trial matters. The Court therefore evaluates

Plaintiff's objection by the applicable "clearly erroneous or contrary to law" standard. *See* Fed. R. Civ. P. 72(a).

### 2. *Failure to Abide by FRCP 30(b)(6)*

Notwithstanding the above, Plaintiff argues that it was clearly erroneous and contrary to the law to deny additional discovery time in light of Defendant's failure to abide by FRCP 30(b)(6). (*See* Pl.'s Objection 11:8–10). However, Plaintiff's objection is based entirely on the same facts and arguments that Plaintiff already raised in her underlying motion. While Plaintiff may believe that Judge Ferenbach did not adequately address each of her arguments in his Order, Plaintiff has presented insufficient evidence to suggest that Judge Ferenbach's determination that Ms. Miller was "adequately prepared for her deposition" was clearly erroneous or contrary to law. As Plaintiff has failed to meet the standard for reconsideration, the Court denies Plaintiff's Motion.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Reconsider the Magistrate Judge's Order, (ECF No. 132), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reconsider the Magistrate Judge's Order, (ECF No. 133), is **DENIED**.

**DATED** this 25 day of September, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge