**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ALEXIS GURSHIN,

        Plaintiff,

vs.

BANK OF AMERICA, N.A.,

        Defendant.

Case No.: 2:15-cv-00323-GMN-VCF

**ORDER**

Pending before the Court is Plaintiff Alexis Gurshin's ("Plaintiff's") Motion for Re-Taxation of Costs, (ECF No. 218). Defendant Bank of America, N.A. ("Defendant") filed a Response, (ECF No. 221). Plaintiff filed a Reply, (ECF No. 222). For the reasons discussed below, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion.

**I.**     **BACKGROUND**

This case arises from Plaintiff's alleged subjection to gender discrimination and retaliation while working at Bank of America. (*See* Compl. ¶¶ 14–72). Defendant prevailed in the case when the Court granted its Motion for Summary Judgment. (*See* Order, ECF No. 205). As the prevailing party, Defendant filed a Bill of Costs for $30,328.44 pursuant to Federal Rule of Civil Procedure 54(d). (Bill of Costs, ECF No. 207). Plaintiff filed an Objection, (ECF No. 208), arguing that she should not be taxed costs because of her limited financial resources, the disparity of resources between the parties, and the chilling effect taxing costs would have on future civil rights actions. (Objection 4:1–9:18). Plaintiff also made specific objections to some requested costs. (*Id.* 9:19–12:13). After deducting costs that are not recoverable under the local rules, the Clerk taxed costs in the amount of $27,668.95. (*See* Costs Taxed, ECF No 215); (*see also* Clerk's Memorandum Regarding Taxation of Costs, ECF No. 216).

Plaintiff now moves for the Court to re-tax costs because of "Plaintiff's limited financial resources, the vast financial disparity between employee Plaintiff and Defendant employer, a huge national bank, and the chilling effect such an award would have on future plaintiffs seeking to vindicate their rights through Title VII." (Motion for Re-Taxation of Costs ("Motion") 2:8–11, ECF No. 218).

Defendant responds that the Court should award costs because the case is not of national importance, the issues presented in the case were not close or difficult, and any chilling effect the award produces would only chill frivolous litigation. (Resp. 2:18–3:1). Defendant also argues that Plaintiff is able to pay the taxed costs because "she is gainfully employed, has been gainfully employed for the past five years, and recently purchased her own home." (*Id.* 2:17–18).

## II.   **LEGAL STANDARD**

Generally, costs other than attorney fees "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d); *see also* LR 54-1(a) ("Unless the court orders otherwise, the prevailing party is entitled to reasonable costs."). But, upon motion, the court has discretion to refuse to award costs. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987). The motion "must specify the particular portions of the clerk's ruling to which the party objects, and only those portions of the clerk's ruling will be considered by the court." LR 54-12(b). The court may only consider "the same papers and evidence submitted to the clerk" when ruling on the motion. *Id.*

The court may deny costs for any appropriate reason. *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247 (9th Cir. 2014). Appropriate reasons include: "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Id.* at 1247–48. The preceding list is not an

"exhaustive list of good reasons for declining to award costs, but rather a starting point for analysis." *Id.* (internal quotations and citations omitted). If the plaintiff has the ability to pay the award, "the congressional goal of discouraging frivolous litigation demands that full fees be levied." *Faraci v. Hickey Freeman Co.*, 607 F.2d 1025, 1028 (2d Cir. 1979).

## III. DISCUSSION

After considering the reasons enumerated above, the Court concludes that the costs taxed to Plaintiff should be substantially reduced. The first and third reasons weigh in Plaintiff's favor. Plaintiff's case inherently carries public importance because of the public values at stake in Title VII cases. *See Coulter v. Newmont Gold Co.*, 873 F. Supp. 394, 397 (D. Nev. 1994). Awarding the full costs requested would risk chilling future Title VII actions by prospective plaintiffs of modest means. *Id. See also Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1248 (9th Cir. 2014) (explaining that the district court did not abuse its discretion by concluding that awarding costs would deter future FMLA actions from low-wage earners).

Although Plaintiff has the ability to pay some of Defendant's costs, Plaintiff's limited resources and the economic disparity between the parties dissuade the Court from taxing almost $30,000 worth of costs against her. A court may appropriately decline to tax costs or reduce the costs taxed when the full award would subject the losing party to substantial financial hardship. *See Escriba*, 743 F.3d at 1247–48 (concluding that the district court did not abuse its discretion in denying costs when the amount exceeded the total income of the plaintiff); *Stanley v. Univ. of S. California*, 178 F.3d 1069, 1079–80 (9th Cir. 1999) ("Stanley's argument that payment of the costs would render her indigent is compelling."); *Coulter*, 873 F. Supp. at 397 (awarding $4,200 instead of nearly $7,000 because the full award "would be a severe hardship," and the plaintiff could pay the full award "but only by selling her trailer."); *Braxton v. United Parcel Serv.*, 148 F.R.D. 527, 529 (E.D. Penn. 1993) (declining to award full costs where plaintiff demonstrated that doing so would cause "significant financial hardship.").

Plaintiff earns roughly $30,000 per year. (Obj. 6:24). While Plaintiff is not indigent, she has limited financial resources, and taxing all of Defendant's recoverable costs may require her to sell her home or file for bankruptcy (*See* Objection 6:16–7:9, 8:13–15).

Similarly, the disparity between the parties' financial resources encourages the Court to reduce the costs taxed to a more equitable sum. *See Coulter*, 873 F. Supp. at 397 ("there is a great disparity in financial resources between the parties. Newmont will not be financially crippled by a failure to award full costs in this case; Coulter will be crippled if full costs are awarded."). *See also Braxton*, 148 F.R.D. at 529 ("In contrast to [plaintiff], UPS is said by *Forbes* magazine to be the third largest private company in America . . . . and will suffer little from a reduction in their recovery."). The disparity in the parties' resources is substantial. Plaintiff earns roughly $30,000 a year and Defendant is one of the largest banks in the country. (Obj. 8:4–15).

Nevertheless, the Court declines to reduce the costs taxed to zero. Courts often reduce an award of costs where Plaintiff has some ability to pay. *See Coulter*, 987 F. Supp. at 396–98 (reducing costs from just under $7,000 to $4,200); *Braxton*, 148 F.R.D. at 529–29 (reducing costs taxed from over $16,000 to $5,000). Plaintiff is not indigent and has some discretionary income. (*See* Motion 5:6–18). The Court wishes to avoid chilling civil rights litigation by awarding substantial costs against unmeritorious plaintiffs who act in good faith. However, the Court is mindful that declining to award costs may encourage frivolous litigation and needlessly vexatious tactics because plaintiffs of modest means would have little incentive to avoid such behavior. Plaintiff litigated this case intensely despite the case not being particularly close when the Court ruled on Defendant's Motion for Summary Judgment. Plaintiff's litigation tactics contributed greatly to the substantial bill of costs. Accordingly, Plaintiff should be responsible for an amount of costs that she can afford. Therefore, the Court taxes Plaintiff $5,000 of Defendant's costs.

## IV. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Re-Taxation of Costs, (ECF No 218), is **GRANTED in part** and **DENIED in part**. The Motion is granted insofar as the Court reduces the costs taxed against Plaintiff to $5,000. The Court denies Plaintiff's request to eliminate all costs taxed.

**DATED** this __19__ day of November, 2019.

_____
Gloria M. Navarro, District Judge
United States District Court